**BELLA GARDENS APARTMENTS, LTD., Appellant,**

v.

**Minnie JOHNSON, Appellee.**

Supreme Court of Kentucky.

Dec. 6, 1982.

Edward F. Prichard, Jr., W. Patrick Stallard, Phillip Shepherd, Frankfort, Stephen C. Cawood, Cawood, Lawson & Fowles, Pineville, for appellant.

Daniel J. Tribell, Pineville, for appellee.

## OPINION AND ORDER

This case comes here on a combined petition for prohibition and an appeal from an order of the Court of Appeals. As the petition for prohibition involves certain procedural problems and the appeal seems to be an adequate vehicle for a disposition of the matter, we deny prohibition.

The controversy began with a suit filed in the Bell Circuit Court by Minnie Johnson against various defendants including Bella Gardens Apartments, Ltd., and its predecessors in title to a parcel of real estate sold by Minnie Johnson some years ago but on which she still resides, claiming that she excepted her dwelling-house from the conveyance. The proceeding culminated in an "Order and Partial Judgment" entered on September 1, 1982, and made final under CR 54.02. By a notice filed on September 24, 1982, Minnie Johnson appealed that judgment, and her appeal is now pending in the Court of Appeals.

Not having the record leading up to the judgment, we do not know what pleadings support it or what the issues were except as they are reflected by the judgment. In any event, the judgment determined that Bella Gardens owns the property and is entitled to possession, and further directed that the premises be vacated and Bella Gardens be placed in possession within 10 days—that is, on September 9, 1982. This latter provision was, of course, injunctive in nature, but instead of seeking intermediate relief by way of CR 65.08 or CR 76.33, on September 24, 1982, the same day on which she appealed, Minnie moved the Court of Appeals for a stay of the judgment pending appeal, purportedly under CR 62.04, and the Chief Judge of the Court of Appeals forthwith entered an *ex parte* order granting her motion on the condition that within five days she post with the clerk of the Bell Circuit Court a bond "in an amount to be approved by the circuit court sufficient to ensure to the appellees the benefits of the judgment appealed from in accordance with CR 62.04."

Acting in accordance with this order, on September 28, 1982, the Bell Circuit Court entered an order staying the judgment upon the condition that Minnie execute bond in the sum of $25,000. A bond in that amount, executed by Minnie and her surety on a supersedeas bond form, was approved by the circuit judge on October 29, 1982.

Meanwhile, back at the ranch, Bella Gardens had promptly moved the Court of Appeals to dissolve the *ex parte* order of September 24, 1982, and the parties were given a hearing before that court on October 4, 1982. At the conclusion of the hearing a three-judge panel of the Court of Appeals denied the motion as moot, being of the opinion that the order of September 24, 1982 "became moot when the Bell Circuit Court entered its order on September 28, 1982, which expressly granted a stay and set an amount of bond."

Bella Gardens then moved the Bell Circuit Court to dissolve the stay, but on October 11, 1982, the circuit court denied the motion on the ground that because "the

stay was by order of the Court of Appeals, this Court has no authority at this time to set aside any order for the Stay."

At this point Bella Gardens hastened back to the Court of Appeals and moved it to reconsider its order of October 4, 1982, declining to dissolve the *ex parte* order of September 24, 1982. Again a three-judge panel of that court heard the parties, and on November 9, 1982, at the conclusion of the hearing, entered the order from which this appeal is taken. After expressing the opinion that "any stay granted by this Court was improvidently granted," this order provided that "any such stays are hereby set aside and are not to be given further effect."

Had the order of November 9, 1982, stopped at this point the case would not be here. However, it concludes with the following, and this is what gives rise to the appeal of Bella Gardens to this court:

"Regardless of the above, a bond was filed which we feel cannot be viewed as anything other than a supersedeas bond. Since the supersedeas bond stays the judgment under CR 62.03 and 73.02(1) [sic], the bond rather than any stay of this Court or the circuit court prevents the enforcement of the judgment."

■ All of this vexatious post-judgment tilting and jousting has resulted from a failure to observe that the provisions of CR 62.03 and CR 73.04 for effecting a stay of judgment by the execution of a supersedeas bond *do not apply to a judgment granting or denying injunctive relief.* Though not explicitly stated in the text of CR 62.03, the respective titles of CR 62.02 ("Pending Appeal of Injunctive Judgments") and CR 62.-03 ("Pending Appeal of Judgment other than Injunctive Judgment") leave no room for doubt that CR 65.08 is the exclusive authority under which a stay may be had *after a final judgment granting or denying* injunctive relief has been appealed. "If the court has not otherwise ordered under the authority of Rule 62.01, suspension or stay *of a final judgment granting or denying* injunctive relief may only be obtained by taking an appeal and invoking the procedure presented in Rule 65.08." * Clay, Kentucky Practice, 3d Ed., Civil Rule 62.02, Comment 3.

■ CR 62.04, which provides that a trial court may stay the effect of a partial judgment made final under CR 54.02, does not authorize an appellate court to do anything. The authority of an appellate court to grant intermediate relief is derived from CR 65 and CR 76.33. It may, of course, by way of granting intermediate relief do that which the trial court itself could have done under CR 62.04. But if in this manner it directs the trial court to take a certain action, as in this instance it granted a stay of the judgment and in effect required the trial court to allow and set a bond, the action taken by the trial court simply must be considered and treated as the action of the appellate court itself. We think, therefore, that when the Court of Appeals on November 9, 1982, set aside the stay theretofore granted by the Chief Judge on September 24, 1982, the trial court's order of September 28, 1982, fell with it.

The result is that there is now in existence no valid stay of enforcement affecting the judgment entered by the Bell Circuit Court on September 1, 1982. CR 65.08 continues, however, as an adequate avenue by which Minnie Johnson may seek relief during the pendency of her appeal.

The order entered by the Court of Appeals on November 9, 1982, is reversed with

---

* This text was written before the adoption of CR 76.33 (eff. 1/1/78), which has the effect of (1) extending the authority for intermediate appellate relief to include appealed cases other than those specifically provided for in the Rules, and (2) authorizing *ex parte* grants of relief. In an appealed *injunction* case, *which is expressly* provided for by CR 62.02 and CR 65.08, the only effect of CR 76.33 is to make explicit the authority for *ex parte* relief.

directions that the final paragraph be stricken from it.

Full court sitting.

All concur.

/s/ Robert F. Stephens
Chief Justice